[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-12035
Non-Argument Calendar

_____

Agency No. A088-255-736

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 27, 2010
JOHN LEY
CLERK

FATOUMATA BARRY,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(December 27, 2010)

Before HULL, MARCUS and MARTIN, Circuit Judges.

PER CURIAM:

Fatoumata Barry seeks review of the Board of Immigration Appeals's ("BIA") order affirming the Immigration Judge's ("IJ") denial of asylum, withholding of removal, and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment ("CAT") based on adverse credibility and failure to show persecution on account of a protected ground. Barry argues on appeal that: (1) the BIA erred by affirming the IJ's adverse-credibility finding because the IJ erred in relying excessively on a single inconsistency between her testimony and documentary evidence submitted with her application regarding the date of her husband's first arrest; (2) the IJ and BIA erred in finding that she did not suffer persecution on account of a protected ground and could not establish a well-founded fear of future persecution; and (3) she is entitled to withholding of removal because the record demonstrates that it is more likely than not that she would be persecuted if returned to Guinea. After careful review, we deny the petition.[1]

We review the BIA's decision, except to the extent the BIA expressly adopted the IJ's decision. Ruiz v. Gonzales, 479 F.3d 762, 765 (11th Cir. 2007). Here, because the BIA issued its own opinion upholding the IJ's adverse-credibility finding

---

[1] As an initial matter, Barry failed to raise her CAT claim on appeal to the BIA and on appeal to this Court. Therefore, her CAT claim is both unexhausted and abandoned, and we will not consider it. See Amaya-Artunduaga v. U.S. Att'y Gen., 463 F.3d 1247, 1251 (11th Cir. 2006) (holding that we lack jurisdiction to review any claims that the petitioner failed to exhaust before the BIA); Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1228 n.2 (11th Cir. 2005) (holding that, when an appellant fails to offer argument on an issue, the issue is abandoned).

and the denial of asylum, withholding of removal and CAT relief, we only review the BIA's decision.  Id.

We review the BIA's factual determinations under the substantial-evidence test. D-Muhumed v. U.S. Att'y Gen., 388 F.3d 814, 817-18 (11th Cir. 2004).  Under this test, we must affirm the BIA's decision if it is "supported by reasonable, substantial, and probative evidence on the record considered as a whole."  Id. Credibility is a factual determination, and we "may not substitute [our] judgment for that of the BIA with respect to credibility findings."  Id.  Credibility determinations can be reversed only if the evidence "compels" a reasonable fact finder to find otherwise.  Tang v. U.S. Att'y Gen., 578 F.3d 1270, 1276 (11th Cir. 2009).  Whether an alien has proven persecution is another factual determination we review under the substantial-evidence test.  Mazariegos v. Office of U.S. Att'y Gen., 241 F.3d 1320, 1327 (11th Cir. 2001).

First, we find no merit in Barry's claim that the BIA erred by affirming the IJ's adverse-credibility finding to deny asylum.  An alien is eligible for discretionary asylum relief if the alien is a "refugee" within the meaning of 8 U.S.C. § 1101(a)(42)(A).  A "refugee" is defined as

> any person who is outside any country of such person's nationality . . . and who is unable or unwilling to return to, and is unable or unwilling to avail himself or herself of the protection of, that country because of

3

persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion.

8 U.S.C. § 1101(a)(42)(A). The asylum applicant bears the burden of proving that she qualifies as a "refugee." 8 C.F.R. § 208.13(a). In order to meet this burden, "the applicant must, with specific and credible evidence, establish (1) past persecution on account of a statutorily protected ground or (2) a well-founded fear of future persecution on account of a protected ground." Mejia v. U.S. Att'y Gen., 498 F.3d 1253, 1256 (11th Cir. 2007) (citing 8 C.F.R. § 208.13(b)).

"The asylum applicant must establish eligibility for asylum by offering credible, direct, and specific evidence in the record." Forgue v. U.S. Att'y Gen., 401 F.3d 1282, 1287 (11th Cir. 2005) (internal quotations and citation omitted). The alien's testimony, "if credible, may be sufficient to sustain the burden of proof [for asylum] without corroboration." 8 C.F.R. § 208.13(a). "The weaker an applicant's testimony, however, the greater the need for corroborative evidence." Yang v. U.S. Att'y Gen., 418 F.3d 1198, 1201 (11th Cir. 2005). "If the applicant produces no evidence other than [her] testimony, an adverse-credibility determination is alone sufficient to support the denial of an asylum application." Forgue, 401 F.3d at 1287. "If, however, the applicant produces other evidence of persecution, whatever form it may take, the IJ must consider that evidence, and it is not sufficient for the IJ to rely

solely on an adverse credibility determination." Id. The IJ must make a "clean" determination of credibility, Yang, 418 F.3d at 1201, offering "specific, cogent reasons for an adverse credibility finding," Forgue, 401 F.3d at 1287.

Congress amended the law regarding credibility determinations in applications filed after May 11, 2005. Chen v. U.S. Att'y Gen., 463 F.3d 1228, 1231 (11th Cir. 2006) (discussing the REAL ID Act of 2005, Pub. L. No. 109-13, 119 Stat. 302, § 101(h)(2)). Under the new standard, credibility determinations must be based on the totality of the circumstances and all relevant factors, regardless of whether they go to the heart of the applicant's claim. Id. (citing 8 U.S.C. § 1158(b)(1)(B)(iii)).

Substantial evidence supports the BIA's adverse-credibility finding. As the record shows, there was an inconsistency in Barry's testimony placing her husband's first arrest on July 10, 2005, with an order releasing Diallo from prison dated June 17, 2005, and there were also various implausibilities regarding Barry's claim, including her and her husband's inconsistent use of the Guinean court system. In addition, the IJ noted, and the BIA expressly affirmed, that the late-filed arrest warrant for Barry's husband was not reliable because it was late-filed, contained handwritten portions, and had a two-year delay in the dates. Thus, substantial evidence supports the BIA's adverse-credibility finding, and a reasonable fact finder would not be compelled to reverse the BIA's finding that Barry's testimony was not credible.

Next, we reject Barry's claim that the IJ and BIA erred in finding that she did not suffer persecution on account of a protected ground and could not establish a well-founded fear of future persecution. An applicant for asylum who has established past persecution on a protected ground is presumed to have a well-founded fear of future persecution on the basis of the original claim. 8 C.F.R. § 208.13(b)(1). The government may rebut this presumption by showing, by a preponderance of the evidence, either (1) a change in the country's conditions, or (2) that relocation within the country would avoid future persecution and that it was reasonable to expect the alien to do so. Id. § 208.13(b)(1)(i)(A), (B).

If the alien "cannot show past persecution, then the petitioner must demonstrate a well-founded fear of future persecution that is both subjectively genuine and objectively reasonable." Ruiz v. U.S. Att'y Gen., 440 F.3d 1247, 1257 (11th Cir. 2006). "The subjective component can be proved by the applicant's credible testimony that he or she genuinely fears persecution, while the objective component can be fulfilled either by establishing past persecution or that he or she has a good reason to fear future persecution." Id. (citation and internal quotations omitted). The petitioner must establish "that there is a reasonable possibility he or she would be singled out individually for persecution, or that [she] is a member of, or is identified

6

with, a group that is subjected to a pattern or practice of persecution." Djonda v. U.S. Att'y Gen., 514 F.3d 1168, 1174 (11th Cir. 2008) (quotations omitted).

To establish eligibility for asylum, an alien must establish a nexus between a statutorily protected ground and the persecution. Sepulveda, 401 F.3d at 1231. An alien can meet this burden by presenting specific, detailed facts demonstrating a good reason to fear that he will be singled out for persecution on account of such ground. Id. An alien who alleges persecution on account of his political opinion must establish that he was persecuted because of his own actual or imputed political opinion, not because of the persecutor's political motives. INS v. Elias-Zacarias, 502 U.S. 478, 482-83 (1992).

Even assuming her testimony was credible, Barry failed to meet her burden to prove past persecution because she did not show that she was persecuted on account of a protected ground. Barry's testimony that she was raped by a prosecutor in exchange for her husband's release from jail undeniably demonstrated grievous harm caused by general corruption, but did not show persecution on account of a protected ground. Moreover, the harm done to her husband did not constitute persecution of Barry because she was not concomitantly threatened. See De Santamaria v. United States Att'y Gen., 525 F.3d 999, 1009 n.7 (11th Cir. 2008). Barry was never arrested and she did not testify to any threats directed at her. Because Barry did not establish

7

past persecution with credible testimony or other corroborating documentation, she was not entitled to a presumption of future persecution. See 8 C.F.R. § 208.13(b)(1).

Barry likewise failed to show a well-founded fear of future persecution because she only established that she was a victim of a crime, and not that she was persecuted on account of a protected ground. Ruiz, 440 F.3d at 1258. In addition, we lack jurisdiction to consider her particular-social-group claim because she failed to exhaust it before the agency. See Amaya-Artunduaga, 463 F.3d at 1251. Thus, the BIA's conclusion that Barry failed to demonstrate past persecution or a well-founded fear of future persecution was supported by substantial evidence.

Finally, we are unpersuaded by Barry's claim that she is entitled to withholding of removal. To be eligible for withholding of removal, an "alien bears the burden of demonstrating that it is 'more likely than not' she will be persecuted or tortured upon being returned to her country." Sepulveda, 401 F.3d at 1232 (citation omitted). Because this is a more stringent standard than for asylum, "[i]f an applicant is unable to meet the well-founded fear standard for asylum, [s]he is generally precluded from qualifying for either asylum or withholding of deportation." Id. at 1232-33 (alterations in original). Since Barry failed to demonstrate her eligibility for asylum as discussed above, she also did not qualify for withholding of removal.

**PETITION DENIED.**